IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION    2007 AUG 13 ' A 9: 31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ROBERT EARL RAY, JR. #136712                    *
            *Petitioner,*


Vs.                                          * CASE NUMBER 2:07cv 721-WKW


TROY KING-ATTORNEY GENERAL
STATE OF ALABAMA;                            *
RICHARD ALLEN-COMMISSIONER
DEPARTMENT OF CORRECTIONS;
CYNTHIA DILLARD- EXECUTIVE DIR.              *
PARDON & PAROLE AGENCY
            *Respondents,*                    *

----------------------------------------------------------------------------

## REQUEST FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION RELIEF

Comes now Robert Earl Ray, Jr., pro se in the above style cause and moves this

honorable court to review and grant him immediate protection from being transferred

back to the Alabama Department of corrections by issuing a temporary restraining order

and preliminary injunction.



## JURISDICTION STATEMENT

This court is the proper jurisdiction for this motion to commence pursuant to § and 28

U.S.C. §1343. The respondents are state employees and their agencies are located in

Montgomery Alabama. Petitioner is an Alabama inmate located at the West Carroll

detention Center under contract with Alabama ADOC. There are reasons to believe that

petitioner is in the state of Louisiana through interstae compact agreement. The petitioner

1

however has not signed or agreed to any out of state transfer. Petitioner was informed that he is now and has been in the Louisiana facility since January of 2007, due to the **overcrowding** of the Alabama penal system.

## REQUEST FOR FEDERAL INTERVENTION

Petitioner is requesting immediate protection by the federal government by intervening on his behalf prohibiting the Alabama ADOC to take him back into their custody. Petitioner avers that as a prisoner, [i]f he is allowed to be taken back into the ADOC custody, he will be immediately deprived of proper and adequate "protection" in violation of his rights guaranteed under the eighth and fourteenth amendments to the United States constitution.

As the United state district court has stated, it is well established that Prisoners do not loose all their constitutional rights. **Washington vs. Lee**, 263 F. Supp. 327, 331 (MD. Alabama 1996), Aff'd per curiam, 390 U.S. 333, 88 S. Ct. 994, 19 L. Ed 2d 1212 (1968). See **Cruz V. Beto**, 405 U.S. 319, 92 S Ct. 1079, 31 L Ed. 2d 263 (March 20, 1972). Among other guards, the eighth amendments prohibition against cruel and unusual punishment, incorporated into the due process clause of the fourteenth amendment, protects prisoners from unconstitutional conditions of treatment imposed by prison authorities under color of state law, such as Troy King & Richard Allen.

**Campbell v. Beto**, 460 F 2d 765 (5th cir. 1972) federal courts will not hesitate to intervene when action is clearly necessary to protect a prisoner's constitutional right.

The fifth circuit has repeatly stated, however, that there m..ybe cases in which the deprivation will warrant judicial inquiry and action. **Woolsy v. Beto**, 450 F. 2d 321 (5th cir. 1971).

When practices within a prison system result in the deprivation of basic elements of adequate protection (from harm or danger) (mentally or physically) such practices violate constitutional guarantees and federal courts must act to provide relief. This is especially true when deprivation immediately threatens life and limb. **C. mpbell v. Beto**, supra.

This case is one in which the deprivation warrants judicial inquiry and action. Wherein the Alabama prison system has been declared **overcrowded** and **conditions** unconstitutional since 1971. Newman v. Alabama, 349 F. supp. 278 (MD. Ala. 1972); Pugh V. Locke, 406 F. Supp. 318 (MD. Ala. 1976); James V. Wallace, 406 F. Supp. 318 (1976).

Alabama has a legendary history of the same for the past thirty-six (36) years. They have been under orders and sanctions and to no avail the conditions in the prisons have worsened and the population has well doubled or tripled in capacity. The ADOC Richard Allen, Commissioner has no where to put another inmate without placing that individual in an knowingly unconstitutional condition to another unconstitutional condition and this is the very reason that petitioner is now in the state of Louisiana, to reduce the overcrowding and life threatening living conditions, but now the ADOC does not want to pay Louisiana and petitioner is being forced to returned to the same or worse conditions than before without any relief therein.

The ADOC has demonstrated a gross disrespect for the state law of Alabama, the constitution of the United States and any and all orders handed down by this court since

3

1971. They have had over thirty (30) years to meet these unconstitutional life threatening conditions and have failed.

Alabama state legislature has given millions of dollars to reduce the population of the penal system. Build new facilities. Sale land to pay out of state private own prisons. Still the system is worsening as time moves own. The question which rises to petitioner mind is, Has state legislature failed to give the ADOC the necessary money to fix the unconstitutional overcrowding and conditions in violation of the eighth amendment? [I]f so, they need to take immediate action.[I]f not, then the ADOC has had the money to relive the overcrowding and the conditions in violation of the eight amendment, this will be a case of mismanagement of tax payers money. Where is the money? What can they show for the money? This is such an in depth problem that every time a state court sentences a person to serve time in the Alabama Department of corrections that court knowingly forces them to live in unconstitutional and a place where they cannot be protected.

Petitioner is noty asking for a class action suite. Petitione. is not asking this court to issue another order to relieve the overcrowding and conditions in violation of the eigth amendment. This woukld take more than a single court order. It would take a miracle for Alabama to fix that mess. Petitioner ask that this honorable would issue an order to a united states Marshall ordering that petitioner Robert Earl Ray, Jr. would be taken into their custody and placed in the custody of the nearest federal facility in Alabama closet to his family who is located in Limestone County Alabama, until Alabama is able to place petitioner in a facility that is not overcrowded and  where there are no unconstitutional living conditions without the threat of being beaten, tortured, raped or killed, due to a

lack of supervision, inadequate staffing and corrupt staffing . The duty of the ADOC, Richard Allen and Troy King is to provide petitioner with 60 square feet of space per person. **Williams V. Edwards**, 547 F. 2d at 1215. This has not occurred.

The present conditions in the ADOC are "philosophically, psychologically, physically, racially and morally intolerable. The housing units are overcrowded and unfit for human habitation under any modern concepts of decency. Due to the overcrowding the facilities for the disposal of human waste at all camps present an immediate health hazard, contamination of the prison water supply caused by inadequate sewage has led to the spread of infectious diseases, staff infections, hepatitis. Most waste disposed systems have been declared insufficient compounded by the overcrowded population of inmates in the prison. The United states court of appeals for the fifth circuit Gates V. Collier, 501 F 2d 1291, (1974) citing Robinson v. California, 370 U.S. 660, 82 S ct. 1417, 8 L ed 2d 758 (1962), is not limited to specific acts directed at selected individuals, but is equally pertinent to general conditions of confinement that may prevail at a prison. Our decisions have recognized the right of prisoners to seek judicial review of their conditions of confinement and have provided relief from unconscionable methods of incarceration. See, e.g., **Hutchens V. State of Alabama**, 466 F 2d 507 (5th cir. 1972); **Campbell V. Beto**, 460 F 2d 765, 768 (5th cir. 1972); **Novak v. Beto**, 453 F 2d 661 (5th cir. 1971).

It has been established in other orders handed down by this court that there is a high level of violence existing in the ADOC prisons which violate the eighth amendment and Richard Allen , commissioner for the ADOC knows that he has *failed to employ sufficient and adequate trained staff, guards to assure the **protection** of inmates.* Supervision personal have allowed and continue to allow inmates to fight, gamble and acquire liquor

5

and drugs in violation of prison rules and state law. The operation of the trusty system, as previously outlined, further compounds the dilemma of the *protection* of inmates. The effects of severe overcrowding are heightened by the dormitory living arrangements (406 F. supp. 323) which prevail in these institutions. Bunks are packed together so closely that there is no walking space between them. *Sanitation* and *Security* are impossible to maintain. Overcrowding is primarily responsible for and exacerbates all the other ills of Alabama's penal system. Petitioner Ray contracted a staff infection in which is presently in his blood and was treated for it at the Staton correctional facility infirmary, where a small surgery was performed by a doctor and an assistant (male) who opened and relieved the infection from beneath his arm pits back in 2003. Wherein he often breaks out in rashes, incurable but can only be treated. The infections lead to sterilizations, blindness and eventually death. The facilities are overrun with roaches, flies, nats, mosquitoes and other vermin. This gross infestation is due in part to inadequate maintenance and housekeeping procedures. For example, floors in many shower rooms are so porous that it is impossible to keep them clean. Thousands suffer with constant athlete's feet and staff infection; plumbing facilities are in an exceptional state of despair.

Petitioner s greatest concern of all the ills of the overcrowding prison system is the fact that, there is a high level of hostility of every kind is rampant, due to the overcrowding. Freedom of choice is but gauze for discrimination. In the inherently coercive setting in prison, the failure of officials properly to supervise their wards is an abdication of responsibility. Confinement in a prison where terror reigns is cruel and unusual punishment. *A prisoner has a right to be protected* from the constant threat of violence and from sexual assault. <u>Withers v. Levine</u>, 615 F. 2d 158 (4th cir. 1980); Gates v.

Collier, 501 F. 2d 1291 (5th Cir. 1974); **Woodhouse v. Virgin**, 487 F 2d 889 (4th cir. 1973). Prisoner abuse by other prisoners is common in the ADOC.

Violence and sexual assault among inmates have risen to a level rendering conditions cruel and unusual. In Jones, the court found confinement in a prison "where terror reigns" to be violative of the eighth amendment. 636 F 2d at 1373. "A prisoner has a right to be protected from the constant threat of violence and from sexual assault." Other factors are relevant in the constitution determination e.g., Gates V. collier, 501 F. 2d 291, 1309 (5th cir. 1974) but the level of violence and sexual assault may suffice to support a facility of liability under the eight amendment. See **Stokes v. Delcambre**, 710 F 2d 1120, 1125 (5th Cir. 1983).

Inmate beatings and homosexual rapes and attacks are prevalent. This is attributed to the rampant violence to defects in housing, physical design and manners of operation. These defects included *inadequate staffing*, inadequate communication system. The result is "a continuous pattern of deprivation which clearly reaches constitutional dimensions.

To give this court an idea how overcrowded the facilities are in Alabama which breed these continuous violent patterns of deprivation of emotional and physical health. The ADOC penal system is estimated well over 28,000 inmates and growing rapidly. The **Fountain facility** was designed for 632, in 1976 held over 1000 inmates. **Holman facility** designed for 540, in 1976 held over 750. **Draper facility** designed for 632, in 1976 held over 1000 inmates. **Kilby facility** designed for 503, in 1976 held over 700. The total inmate population was 4,000 today the population is seven times this amount.

The violence is high and uncontrollable and is unconstitutional. The federal courts have ruled that quantitive measures are significant for the eight amendment determinations

7

must be informed by objective factors to the extent possible. See **Rhodes v. Chapman,** 452 U.S. at 346, 1001 S Ct. at 2399, 69 L. Ed 2d at 69.

The *objective factors* must include the protection of petitioner from violent attacks, rapes or diseases, staff infections, unsanitary living conditions. It would be easier for the federal government to intervene and remove the petitioner f. om the unconstitutional conditions breeding ground of violence and place him in safe conditions within a federal institution wherein he can receive adequate safety and living conditions.

Petitioner avers that he while in the Alabama prison system was subjected to violent threats and threats of violence and that 90% of the inmate population carried weapons for protection. In order for petitioner to protect himself he would have to fall into the same standard of violence as the others, because the prison staff is inadequate to protect him or themselves, due to the under staffing. You have one (1) officer per 300 inmates, in some facilities one officer per 200 inmates. If a fight occurred in one area of the facility the officers would have to leave other assigned areas to address the nature of the problem only leaving one officer to maintain double his protection or at least no officer will be left to maintain the area. Richard Allen knows this.

Petitioner foresees that due to the violent nature of the overcrowding prison conditions, he will be subjected to continuo's threats of violence to his life and if he protects himself he to would be subjected to disciplinary action or segregation or possible criminal charges defending himself with a homemade weapon as other inmates attack him with other weapons, because he cannot rely upon the inadequate guard staffing to protect him or be with him at all time. If petitioner fails to protect himself he will be subjected to rapes, tortures and death by the hands of other inmates.

It serves no penelogical interest in telling the Richard Allen or prison staff who is cannot protect the petitioner or any other inmate due to the understaffing, when he is in trouble or foresees trouble. As ruled by a federal judge "fear or reprisal, desire not to be known as a "snitch' and in the case of homosexual attacks, reluctance to identify oneself as an "easy mark" deter victims from reporting such attacks." **Doe v. District of Colombia**, 701 F 2d 948, 966 (D.C. 1983).

The respondents have the duty to protect and the duty to have adequate staffing to protect, oversight or guard to foresee such happenings. The mental suffering is greater than one can bear. The subjective environment of constant lighting, smoking in dorms, rapes, tortures, fights, blood shed is so dramatic that petitioner is taking medication to sleep and having other to watch him during time of rest and he will then watch them.

Furthermore, petitioner has been fighting his case in the state and now the federal court for the past six years. He is claiming actual innocence and the eleventh circuit court has recently granted him certificate of appealibilty onto the district court on the claim of actual innocence. 07-11474-D.

On August 6th 2007 petitioner filed a complaint of arrest against thirteen (13) persons of the Alabama Pardon & Parole agency, the Executive Director being Cynthia Dillard into the state district court of Montgomery c/o Lynn Clardy Bright or presiding judge of that court. The complaint alleges that each person has violated mandatory state statues in their official capacities and is subject to criminal sanctions compounded with conspiracy charges and obstructing of justice.

Every person has constructive knowledge that petitioner is actually innocent and that his incarceration is illegal. They have knowledge that parole officer Marty Bruce Graham conspired with one Lorena Cazares Davila to go to Huntsville Alabama and ask district parole officer T.C. Bill to conspire and send petitioner back to prison on a parole violation based upon false allegations knowingly false. There is tape recorded evidence of this matter and the hearing officer agreed to send petitioner back to prison for five years prior to the hearing. Petitioner parole was revoked and the parole agency was later informed of the conspiracy based upon false allegations and presented evidence in support. The agency however turned a blind eye and a deaf ear and it now returns to haunt them. Petitioner was recently denied parole on April 30, 2007 an the board denied listening to any information which proved that petitioner is innocent and that their was a conspiracy. They are subject to criminal charges because they have refused to follow their own laws which govern their actions pursuant to **§§§§ 15-22-25; 15-2228; 15-2239 and 15-22-40.**

Due to the fact that the ADOC and the Parole agency are state officials and petitioner is actually innocent, he has become a political prisoner living in unconstitutional conditions, which threaten his life on a daily basis. Petitioner is requesting federal intervention.

Petitioner objectively knows that there is a high risk of retaliation by the state of Alabama ADOC and parole agency, wherein a few of the parole officers were DOC officials and have connections with other officers for retaliation purposes. Petitioner could be subjected to disparate treatment, lose his life or limb due to the overcrowding prison system, the chances are very much likely.

10

Petitioner is entitled to protection by the 5th and 14th amendments of the United States constitution. Petitioner asks this honorable court will conclude that there is a high risk of retaliation and that petitioner needs this protection from the federal government consisting of a temporary restraining order and preliminary injunction.

Petitioner is not seeking monetary damages. He is seeking protection, security, living conditions from retaliation and violent attacks and threats of an overcrowded prison system. It would be in the best interest of justice for the state of Alabama wherein the evidence clearly shows that petitioner is innocent. To put him in a place to be protect, because he is illegally incarcerated. Hereinafter the state is reliable.

Respectfully Submitted, Done on this the 10th day of August 2007.

ROBERT EARL RAY, JR.

## CERTIFICATE OF SERVICE

Petitioner has not served a copy of the foregoing upon any of the parties, because it would not be in the best interest of the petitioner to inform the respondents. Petitioners respectfully request that this honorable court will inform the respondents if this court is granting petitioner any relief.

Done on this the 10th day of August 2007.

ROBERT EARL RAY, JR.

11



Robert Earl Ray Jr. #136712
W. C. D. C.
180 Capitol Branch Dr.
Epps, Louisiana 71237

Office of the Clerk
United States District Court
For the Middle District of Alabama
Southern Division
P.O. Box 711
Montgomery, AL 36101-0711