IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT EARLY RAY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | )   CASE NO. 2:07-cv-721-WKW |
| v. | ) |
| | ) |
| TROY KING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is Robert Earl Ray, Jr.'s Request for Temporary Restraining Order and Preliminary Injunction Relief (Doc. # 1). Rule 65 (b) of the Federal Rules of Civil Procedure mandates that the request for a temporary restraining order be either in the form of an affidavit or a verified complaint, and that the applicant's counsel recite efforts taken to notify the opposing party and, if no notice is given, the reasons for such lack of notice. *See* Fed. R. Civ. P. 65(b). Additionally, Rule 65 requires that the applicant show "immediate and irreparable injury". Fed. R. Civ. P. 65(b).

Plaintiff has not complied with the terms of Rule 65, in that he did not submit an affidavit or verified complaint establishing immediate and irreparable injury, nor show why he did not provide notice to the opposing party. Even if the court gave plaintiff leeway in the Federal Rules of Civil Procedure, plaintiff has not alleged immediate and irreparable injury sufficient to create grounds for a temporary restraining order. Plaintiff merely speculates as to what may happen to him if he is transferred to a penal institution under the Alabama Department of Corrections. Moreover, plaintiff has offered conclusory allegations about the conditions of the prison. Therefore, plaintiff's request

for a temporary restraining order is DENIED.  This case is hereby REFERRED to the United States Magistrate Judge for further proceedings.

    DONE this 13th day of August, 2007.

                                        /s/  W. Keith Watkins
                               UNITED STATES DISTRICT JUDGE