IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT ALABAMA
SOUTHERN DIVISION

RECEIVED

2007 AUG 20  A 9: 36

ROBERT EARL RAY, JR.                    *
    *Petitioner*,

Vs.                                     * CASE NO: **2:07-cv-721-WKW**

TROY KING, et. al.,                     *
    *Respondent*,

---

### OBJECTIONS/RECONSIDERATION OF ORDER DENYING TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Comes now Robert Earl Ray, Jr., pro se in the above style cause and moves this Honorable court to grant him reconsideration on the request for temporary restraining order and preliminary injunction.

Petitioner sought a temporary restraining order and preliminary injunction without the appointment of counsel, due to the fact that he has no attorney representation, nor does he have the means to retain counsel in this matter. Petitioner approaches this court pro se pursuant to his constitutional rights guaranteed him through the fifth, sixth, eighth and fourteenth amendment of the Unites States constitution.

    A. The right to equal protection.

    B. The right to access the court.

   C. The right to be free from cruel and unusual punishment consisting of prison overcrowding and the basic element of adequate protection from harm and danger, mentally and physically by both inmates and state employees.

Petitioner respectfully submits that he did more than allege *"immediate and irreparable injury"* sufficient to create grounds for a temporary restraining order. See the following in support:

   A. Petitioner stated that he was in the state of Louisiana due to the overcrowding of the ADOC. This is a fact. (Doc. # 1 pg. (1) (2)).

   B. Petitioner showed that the federal courts have ruled since 1971 that Alabama prison system is overcrowded and the living conditions are unconstitutional. **Newman V. Alabama**, 349 F. Supp. 278 (MD. Ala. 1972); **Pugh V. Locke**, 406 F Supp. 318 (MD. Ala. 1976); **James V. Wallace**, 406 F. Supp. 318 (1976). (Doc. #1 pg. (3)).

   C. Recently **Haley v. Barber County**, 885 so 2d 783 (Ala. Supreme court) shows that the penal system is overcrowded and the ADOC are in conflict with court orders.

   D. Judge William Shasy in the Montgomery circuit court addressed this issue in 2005 and 2006.

   E. Petitioner alleged that the prison system is understaffed, till there is one officer per 200 inmates in other facilities one officer per 300 inmates. Richard Allen, Commissioner knows this.

F. Due to the present overcrowding and unconstitutional living conditions the ADOC has failed to employ sufficient and adequate trained guards to assure the *protection* of inmates, specifically Robert Earl Ray, Jr. from other violent inmates. (406 F. Supp. 323). (Doc. #1 pg. (6)).

G. Sanitation and security are impossible to maintain. Overcrowding is primarily responsible for an exacerbates all the other ills of Alabama penal system. (Doc. #1 pg. (6)).

H. Robert Earl Ray, Jr. has a right to be *protected* **from** the constant threat of violence. **Withers V. Levine**, 615 F. 2d 158 (4th Cir. 1980); **Gates v. Collier**, 50 F. 2d 1291 (1973). (Doc. #1 pg. 6-7).

I. Violence and sexual assault among inmates have risen to a level rendering conditions cruel and unusual. The court found "where terror reigns" to be violative of the eighth amendment. (636 F 2d at 1373).

Petitioner has shown that the system is overcrowded, understaffed, that due to both violence reigns in prison and the ADOC cannot provide adequate protection owed to him by the 5th, 8th, 14th amendments of the United States constitution.

If this court allows petitioner to be subjected back into the same or worse conditions after having been removed, will place petitioner in a knowingly "immediate and irreparable injury" in violation of his 8th amendment right from cruel and unusual punishment. The irreparable injury is the fact that Alabama has been under court orders for 36 years and the problem continues without any proper and adequate relief. This is the reason petitioner is asking that he be removed from theses conditions.

This court stated that the *"petitioner merely speculates as to what may happen to him if he is transferred to a penal system under the ADOC. Moreover, plaintiff has offered conclusory allegations about the conditions of the prison."*

Petitioner objects to this line of reasoning by this court and submits the following in support:

1. Petitioner has shown this court by other court rulings that the ADOC is overcrowded and understaffed and that he has a right to protection. This is not mere speculation on his part. Petitioner submitted to this court a position which will immediately subject him to overcrowding and unconstitutional conditions wherein he cannot be protected and that he did suffer mentally and physically with staff infections and constant threats of violence.

2. Petitioner submitted that the federal courts should make objective decisions and consider objective factors to alleviate his unconstitutional conditions.

    A. It would be easier to remove petitioner from the ADOC prison system than to correct the system itself. That is objective reasoning.

    B. It is easier to conclude objectively that if Petitioner is subjected to an overcrowding and unconstitutional living conditions he will be subjected to violence and possible threats to his life without protection.

    C. It is easy to objectively consider that petitioner if subjected to this environment he will be retaliated upon.

    D. It is easy to objectively consider that if petitioner is not granted relief and he is subjected to theses objective avoidable factors that he has requested relief, and then who will be responsible for not making the objective decision to protect petitioner's life from harm and danger.

Petitioner did inform this court the reason why he did not serve notice upon the other parties. See (Doc. #1 pg. 11) - *"it would not be in the best interest of the petitioner"*. The respondents could reasonable retaliate on an immediate transfer back to the ADOC. Petitioner is expected to be transferred back to the ADOC within the next six (6) days. If he is subject to this transfer he will be placed in a place of such magnitude of overcrowding and unconstitutional condition without protection.

If petitioner is transferred to the ADOC while this is being mailed to this court petitioner respectfully ask for him to be placed into the custody of the federal government until he is able to speak with any court concerning his position.

Done on this the 16th day of August 2007.

_____
ROBERT EARL RAY, JR.

## **AFFIDAVIT**

I hereby swear under the penalty of perjury that the aforementioned is true and correct to the best of my knowledge. I have requested a temporary restraining order and preliminary injunction from the federal court for intervention not allowing me to return to the unconstitutional overcrowding and living conditions which are life threatening. I know that the ADOC has not the necessary means to protect my life from and mental or physical danger. I know that every correctional officer who works in the ADOC prisons their lives are in great threat and danger as mine, due the fact that they have no way to protect themselves and they cannot protect me. I have subjected to this environment for many years and I submit that the threat of violence and rapes, sexual assault, drugs and many other acts are prevalent and they produce character which breeds death and torture. I am asking to be taken out of this environment because I first have the constitutional right to not have to live in such conditions. I should not have to live in constant danger or threat to my life. I should be able to live without having to take medications to sleep, free from staff infections, constant cigarette smoke in my nostrils. If I did not believe or have cause to request such a TRO I would not ask having been serving time in a state institutional for almost 23 years. Although I am serving a legal conviction and sentence, I am now in prison on a parole violation which occurred in 2001. The Alabama pardon and parole board knows that I am innocent and they refuse to take action wherein I have filed a complaint for criminal charges to have them prosecuted for violating mandatory statutory provisions and conspiracy and obstruction of justice. I maintain my innocence and I have the proof to prove this and will in the near future. I have asked to be placed in

federal custody to protect the innocence. An illegal incarceration in an overcrowded prison system is life threatening within itself. I am in a position where I can be retaliated upon, because the persons of the parole agency are state employees. There careers are in jeopardy. The immediate danger is the transfer back to the ADOC. The irreparable damage is being subjected to the ADOC wherein it is beyond repair, at least it has been since 1971, thirty-six years ago.

Done on this the __16th__ day of August 2007.

_____
ROBERT EARL RAY JR.



Robert Earl Ray Jr. #136712
B West Carroll Detection Center
180 Capitol Bank Dr.
Epps, Louisiana 71237

Legal Mail

Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711