IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROBERT EARL RAY, JR., #136 712      *

    Plaintiff,      *

    v.      *      2:07-CV-721-WKW
                                    (WO)

TROY KING - ATTORNEY GENERAL,      *
*et al.*,
    Defendants.      *

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Robert Ray ["Ray"], filed this 42 U.S.C. § 1983 action on August 31, 2007. When he filed this complaint, Ray was incarcerated at the West Carroll Detention Center in Epps, Louisiana.[1] In the complaint, Ray seeks transfer by a United States Marshal to "the nearest federal facility in Alabama closest to his family who is located in Limestone County Alabama, until Alabama is able to place petitioner in a facility that is not overcrowded and where there are no unconstitutional living conditions. . . " (Doc. No. 1 at 4.) Ray requests issuance of a preliminary injunction ordering such transfer and prohibiting the Alabama Department of Corrections from returning him to the state prison system. The court, therefore, construes this document to contain a motion for preliminary injunction under Rule

---

[1] Ray was recently transferred to the Limestone Correctional Facility located in Harvest, Alabama. (*See* Doc. No. 8.)

65, *Federal Rules of Civil Procedure.* For the following reasons, the court recommends that Ray's motion for preliminary injunctive relief be denied.

## I. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Ray must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Ray outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Id.*; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel*

*v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

In his motion for preliminary injunction, Ray seeks transfer to a federal facility and requests that the Alabama Department of Corrections be prohibited from returning him to a state correctional facility. He asserts that these actions are necessary to prevent his placement in an overcrowded and potentially dangerous state prison system.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Ray has proven a substantial likelihood of success on the merits. Having thoroughly reviewed the request for a preliminary injunction and in light of applicable federal law, the court concludes that Ray fails to carry his burden. Specifically, prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing. *See Meachum v. Fano,* 427 U.S. 215, 225 (1976); *Clark v. Browers,* 2005 WL 1926088, at *3 (E.D.Mo. Aug. 10, 2005) (inmate's motion for temporary restraining order or preliminary injunction that did not seek to enjoin any illegal act of defendants, but instead requested transfer to another correctional facility, denied because "plaintiff does not have a right to be held in the institution of his choosing"); *see also Beltran v. Smith,* 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer

and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion."). Ray likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. His speculative allegations concerning the conditions under which he may be housed in a state prison facility located within the State of Alabama is not the type of irreparable harm justifying the issuance of a preliminary injunction. Any problems caused by the housing of Ray at a state penal facility can be accomplished through the filing of a complaint in the federal court in which the institution which houses Ray is located. *See Sampson v. Murray,* 415 U.S. 61, 90 (1974) (internal quotation omitted) (this "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [also] weighs heavily against a claim of irreparable harm.").

    Finally, with regard to the third and fourth factors, Ray fails to show that issuance of an injunction would serve the public interest, and the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest. In light of the fact that Ray has no right to be housed in a particular institution, the absence of irreparable harm, and the deference accorded prison administrators in prison assignments, Ray is not entitled to a preliminary injunction preventing his transfer to an Alabama

Department of Corrections' facility.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction filed by Ray on August 13, 2007 (Doc. No. 1) be DENIED; and

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before **September 17, 2007** the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former

5

Fifth Circuit issued prior to September 30, 1981.

Done, this 5th day of September 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
 UNITED STATES MAGISTRATE JUDGE