IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT EARL RAY, JR., #136 712 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-721-WKW |
| | | (WO) |
| TROY KING - ATTORNEY GENERAL, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Robert Ray, Jr., ["Ray"], an Alabama inmate presently confined at the Limestone Correctional Facility.[1] Ray filed this action for injunctive relief seeking to enjoin his transfer from a correctional facility in Louisiana to an Alabama Department of Corrections' institutional facility. Ray requests that he be transferred by a United States Marshal to "the nearest federal facility in Alabama closest to his family who is located in Limestone County Alabama, until Alabama is able to place petitioner in a facility that is not overcrowded and where there are no unconstitutional living conditions. . . " (Doc. No. 1 at 4.) Named as defendants are Attorney General Troy King, Commissioner Richard Allen, and Cynthia Dillard, Executive Director of the Alabama Board of Pardons and Parole.

Upon review of the complaint, the court concludes that it is due to be dismissed with

---

[1] When he filed the instant complaint, Ray was incarcerated at the West Carroll Detention Center located in Epps, Louisiana.

prejudice prior to service of process upon application of the directives set forth in 28 U.S.C. § 1915(e)(2)(B)(i).[2]  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

## I. DISCUSSION

Ray complains that the Alabama prison system is overcrowded which subjects inmates to unconstitutional conditions of confinement. The overcrowded conditions which exist in this State's penal facilities, Ray argues, is the reason he was incarcerated in a correctional institution located in the State of Louisiana. Accordingly, Ray seeks an order from this court directing that he be transferred to a federal facility in Alabama closest to family members located in Limestone County, Alabama, in order to prevent his placement in an overcrowded and potentially dangerous state prison system.

A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, generally prison officials "may transfer a prisoner 'for whatever reason or for no reason at all,' " *Olim v. Wakinekona,* 461 U.S. 238, 250 (1983) (quoting *Meachum.* 427 U.S. at 228). Consequently, an inmate may be confined in any correctional facility without implicating the prisoner's constitutional rights. *Id.*; *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Although Ray's confinement in a correctional facility operated by the Alabama Department

---

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's claims prior to service of process if it determines that the complaint contains claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives set forth in the present statute.

of Corrections may entail "more burdensome conditions" than that of the West Carroll Detention Center and/or a federal prison facility, such confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin*, 515 U.S. at 478.  Consequently, the failure to imprison Ray in a federal correctional facility within the State of Alabama does not implicate the due process protection of the Constitution and such claim is, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[4]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before **September 19, 2007** the parties may file objections to

---

[4]In support of his claim that he not be transferred to a correctional facility run by the Alabama Department of Corrections, Ray alleges that the conditions in such facilities are unconstitutional due to overcrowding, inadequate and/or corrupt staffing, inadequate supervision, and dangerous living conditions. As noted, when he filed this action, Ray was incarcerated in a correctional facility located within the State of Louisiana.  Thus, his assertions with respect to the allegedly unconstitutional conditions of confinement to which he could be subjected upon a transfer to a correctional facility in Alabama were, at the time, speculative at best.  Nonetheless, Ray is now incarcerated at the Limestone Correctional Facility.  If Ray believes that the conditions under which he is currently housed are violative of his constitutional rights, he is free to file a new civil action.  A complaint challenging the conditions of his present confinement should be filed in the United States District Court for the district in which the facility which houses Ray is located.

this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 7th day of September 2007.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE