IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT EARL RAY, JR., #136 712 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-721-WKW |
| | | (WO) |
| TROY KING - ATTORNEY GENERAL, *et al.*, | * | |
| Defendants. | * | |

_____

**ORDER AND SUPPLEMENTAL RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On September 7, 2007 the undersigned entered a Recommendation that Plaintiff's complaint be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). In his original complaint, Plaintiff sought to enjoin his transfer from a correctional facility in Louisiana to an Alabama Department of Corrections' institutional facility due to his claims of overcrowding in the latter facilities. On October 3, 2007 Plaintiff filed objections to the Recommendation of the Magistrate Judge. Upon thorough review of this pleading, the court concludes that Plaintiff's objections to the September 7, 2007 Recommendation of the Magistrate Judge are without merit. The court further concludes that the objections, to the extent they may also be construed as a motion to amend the complaint, shall be granted.

Plaintiff is currently confined at the Limestone Correctional Facility and the specific incidents about which he complains in his amended complaint are occurring at this facility. Limestone Correctional Facility is located in Harvest, Alabama, which is within the

jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, as amended, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

## DISCUSSION

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

As noted, Plaintiff originally filed this action seeking injunctive relief to enjoin his transfer from a correctional facility in Louisiana to an Alabama Department of Corrections' institutional facility. During the pendency of this action, Plaintiff was transferred to the Limestone Correctional Facility. Although Plaintiff's original complaint sought to enjoin his transfer to an Alabama Department of Corrections' correctional facility based on his

---

[1]This court makes no ruling on Plaintiff's motion for leave to proceed *in forma pauperis* as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

2

contetion of overcrowded conditions, such claims, at the time he filed his complaint, only presented abstract allegations with respect to the potential effect that overcrowding may have or alleged a highly speculative cause and effect relationship between overcrowding and the alleged harm to be avoided, neither of which find a source in the Constitution.

It is clear from the allegations in the complaint, as amended, that the specific actions about which Plaintiff now complains and which are no longer presented in the abstract, have and/or are occurring within the jurisdiction of the United States District Court for the Northern District of Alabama. (*See* Doc. No. 15 at 20-27.) Although the named defendants reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state. Moreover, it appears from Plaintiff's recitation of the facts that a majority of witnesses and evidence associated with this case are located in the Northern District of Alabama. Thus, the court concludes that from the face of the complaint, as amended, the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for further review and determination.

## CONCLUSION

Accordingly, it is ORDERED that:

1.  Plaintiff's October 3, 2007 objection, construed to contain a motion to amend complaint (Doc. No. 15), be and is hereby GRANTED;

2.  The Recommendation of the Magistrate Judge filed September 7, 2007 (Doc. No. 12), to the extent it recommends dismissal of the complaint, be VACATED;

3.  The September 7, 2007 Recommendation of the Magistrate Judge, to the extent it recommends dismissal, under 28 U.S.C. § 1915(e)(2)(B)(i), of Plaintiff's request for injunctive relief seeking to enjoin his transfer to an Alabama Department of Corrections' institutional facility, remains in full force and effect except as otherwise noted in ¶ 2.

It is the RECOMMENDATION of the Magistrate Judge that:

1. The September 7, 2007 Recommendation of the Magistrate Judge (Doc. No. 12) be adopted as modified by the above order; and

2. This case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404(a).

It is further

ORDERED that on or before **October 23, 2007** the parties may file objections to this Supplemental Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Supplemental Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Supplemental Recommendation is not a final order of the court

and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Supplemental Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Supplemental Recommendation and shall bar the party from attacking on appeal factual findings in the Supplemental Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 10th day of October 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE